Paul E. Smith, Cal. Bar No. 216644
LAW OFFICES OF PAUL E. SMITH
16870 West Bernardo Dr., Suite 400
San Diego, California 92127
Telephone: (858) 679-3396
Facsimile: (858) 630-4947
psmith@paulsmithlaw.com

Attorney for Plaintiff
AARON LIEBEN

FILED
2010 SEP 20 P 3: 50
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA. SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Aaron Lieben,

    Plaintiff,

v.

Hunt & Henriques,

    Defendant.

Case No. CV10-4251

COMPLAINT

DEMAND FOR JURY TRIAL

## PRELIMINARY STATEMENT

1.     This is an action for actual and statutory damages plus costs and attorney fees brought by an individual consumer for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA") and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* ("Rosenthal Act"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION

2. The jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.

## INTRADISTRICT ASSIGNMENT

3. The claims upon which this action is based arose in Santa Cruz County, California.

## PARTIES

4. Plaintiff Aaron Lieben (hereinafter, "Plaintiff") is a natural person and resident of Santa Cruz, California.

5. Defendant Hunt & Henriques ("Defendant") is an unknown entity with its principal place of business in San Jose, California.

## FACTS

6. On or about September 21, 2009, Defendant filed a collection lawsuit against Plaintiff in the Superior Court of California, County of Santa Cruz, case number CV165272.

7. On or about December 17, 2009, Plaintiff served Defendant with a Substitution of Attorney that notified Defendant of Plaintiff's representation by an attorney.

8. On or about December 31, 2009, Defendant sent Plaintiff a letter and served discovery requests by mail directly to him at his home address.

9. On or about January 22, 2010, Plaintiff served Defendant with a second Substitution of Attorney again notifying Defendant of Plaintiff's representation by an attorney.

10. On or about February 4, 2010, Plaintiff served responses to Defendant's discovery requests via his attorney.

11. On or about September 2, 2010, Defendant served Plaintiff with a Case Management Statement directly at his home address.

12. As a direct and proximate result of Defendant' actions, Plaintiff suffered actual damages including, but not limited to, financial harm, loss of productivity, anxiety, indignation, irritability, nervousness, fear, worry, loss of happiness, headaches, loss of sleep, insomnia, nausea, stress, and anger.

## FIRST CLAIM FOR RELIEF

### Violations of Federal Fair Debt Collection Practices Act

13. Plaintiff realleges and incorporates paragraphs 1 through 12 above as if fully set out herein.

14. Plaintiff is a "consumer" within the meaning of the FDCPA.

15. Defendant is a "debt collector" within the meaning of the FDCPA.

16. Defendant alleged that Plaintiff owed a "debt" within the meaning of the FDCPA.

17. Defendant violated the FDCPA, 15 U.S.C. §1692c(a)(2), by communicating with Plaintiff after Defendant knew Plaintiff to be represented by an attorney.

18. Defendant violated the FDCPA, 15 U.S.C. §1692f, by using unfair or unconscionable means to collect or attempt to collect the alleged debt.

19. Defendant violated the FDCPA, 15 U.S.C. §1692d, by engaging in conduct the natural consequence of which was to harass, oppress, and/or abuse in connection with attempted collection of the alleged debt.

20. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, costs, and attorney fees.

## SECOND CLAIM FOR RELIEF

### Violations of California Fair Debt Collection Practices Act

21. Plaintiff realleges and incorporates paragraphs 1 through 20 above as if fully set out herein.

22. Plaintiff is a "debtor" within the meaning of the Rosenthal Act.

23. Defendant is a "debt collector" within the meaning of the Rosenthal Act.

24.     Defendant alleged a "debt" to be owed by Plaintiff within the meaning of the Rosenthal Act.

25.     Defendant violated the Rosenthal Act, Cal. Civ. Code §1788.14, by communicating with Plaintiff after receiving written notification of Plaintiff's representation by an attorney.

26.     Each and every violation of the FDCPA as described herein is a violation of the Rosenthal Act, Cal. Civ. Code §1788.17.

27.     As a result of the above violations of the Rosenthal Act, Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, costs, and attorney fees.

WHEREFORE, Plaintiff respectfully pray that judgment be entered against Defendant for the following:

A.     Actual damages of at least $10,000;

B.     Statutory damages pursuant to 15 U.S.C. §1692k in the amount of $1,000;

C.     Statutory damages pursuant to Cal. Civ. Code §1788.30(b) in the amount of $1,000;

D.     Costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k and Cal. Civ. Code §1788.30(c);

E.     For such other and further relief as may be just and proper.

Dated: September 16, 2010                    LAW OFFICES OF PAUL E. SMITH

By: _____
PAUL E. SMITH
Attorney for Plaintiff
AARON LIEBEN

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: September 16, 2010          LAW OFFICES OF PAUL E. SMITH

By: _____
PAUL E. SMITH
Attorney for Plaintiff
AARON LIEBEN

COMPLAINT