TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
ARVIN C. LUGAY (SBN 242599)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile: (415) 352-2625
tnarita@snllp.com
jtopor@snllp.com
alugay@snllp.com

Attorneys for Defendant
Hunt & Henriques

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON LIEBEN,<br><br>Plaintiff,<br><br>vs.<br><br>HUNT & HENRIQUES,<br><br>Defendants. | CASE NO.: CV10-4251 HRL<br><br>**ANSWER OF DEFENDANT HUNT & HENRIQUES TO COMPLAINT** |

Defendant HUNT & HENRIQUES ("Defendant") hereby submits the following Answer to the Complaint filed in this action by plaintiff AARON LIEBEN ("Plaintiff"):

1. In answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff alleges that this is an action brought by an individual pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* (the "Rosenthal Act"), the contents of both of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2. In answering Paragraph 2 of the Complaint, Defendant admits that Plaintiff alleges that the jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3. Denied.

4. Admitted, on information and belief.

5. In answering Paragraph 5 of the Complaint, Defendant admits that its principal place of business is in San Jose, California. Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

6. Admitted.

7. Denied, on information and belief.

8. Admitted.

9. In answering Paragraph 9 of the Complaint, Defendant admits that Plaintiff served a substitution of attorney, which was filed in the underlying collection action on January 25, 2010, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 9 are denied.

10. Admitted, on information and belief.

11. Admitted.

1    12.   Denied.

2    13.   Defendant incorporates by reference paragraphs 1 through 12 above
3 as if fully set forth herein.

4    14.   In answering Paragraph 14 of the Complaint, Defendant lacks
5 sufficient knowledge to form a belief as to whether Plaintiff's financial obligation
6 at issue was incurred primarily for personal, family or household purposes, and
7 therefore can neither admit nor deny whether Plaintiff qualifies as a "'consumer'
8 within the meaning of the FDCPA." Except as herein admitted, the remaining
9 allegations of Paragraph 14 are denied.

10    15.   In answering Paragraph 15 of the Complaint, Defendant admits that it
11 has, at times, acted as a "'debt collector' within the meaning of the FDCPA."
12 Defendant lacks sufficient knowledge to form a belief as to whether Plaintiff's
13 financial obligation at issue was incurred primarily for personal, family or
14 household purposes, and therefore can neither admit nor deny whether it acted as a
15 "debt collector" in this case. Except as herein admitted, the remaining allegations
16 of Paragraph 15 are denied.

17    16.   In answering Paragraph 16 of the Complaint, Defendant lacks
18 sufficient knowledge to form a belief as to whether Plaintiff's financial obligation
19 at issue was incurred primarily for personal, family or household purposes, and
20 therefore can neither admit nor deny whether it qualifies as a "'debt' within the
21 meaning of the FDCPA." Except as herein admitted, the remaining allegations of
22 Paragraph 16 are denied.

23    17.   Denied.
24    18.   Denied.
25    19.   Denied.
26    20.   Denied.

27
28

21. Defendants incorporate by reference paragraphs 1 through 20 above as if fully stated herein.

22. In answering Paragraph 22 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether Plaintiff qualifies as a "'debtor' within the meaning of the Rosenthal Act." Except as herein admitted, the remaining allegations of Paragraph 22 are denied.

23. Denied.

24. In answering Paragraph 24 of the Complaint, Defendant admits that it "alleged a 'debt' to be owed by Plaintiff" within the meaning of section 1788.2(d) of the Rosenthal Act. Defendant lacks sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether it qualifies as a "consumer debt" within the meaning of section 1788.2(f) of the Rosenthal Act. Except as herein admitted, the remaining allegations of Paragraph 24 are denied.

25. Denied.

26. Denied.

27. Denied.

## **AFFIRMATIVE DEFENSES**

As and for separate affirmative defenses to the Complaint, Defendant alleges as follows:

//

//

//

Case5:10-cv-04251-JW   Document6   Filed10/13/10   Page5 of 8

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE
### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
### (No Wilful Conduct)

Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

ANSWER OF DEFENDANT HUNT & HENRIQUES TO COMPLAINT     4

## SIXTH AFFIRMATIVE DEFENSE
## (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Defendant.

## SEVENTH AFFIRMATIVE DEFENSE
## (Waiver)

Plaintiff has waived his rights, if any, to recover the relief he seeks in the Complaint based upon his own conduct and admissions with respect to the financial obligation at issue.

## EIGHTH AFFIRMATIVE DEFENSE
## (Good Faith)

Defendant has at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## NINTH AFFIRMATIVE DEFENSE
## (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant. The liability, if any exists, of all defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of Defendant should be reduced accordingly.

//
//

## TENTH AFFIRMATIVE DEFENSE
## (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant had or has no control.

## ELEVENTH AFFIRMATIVE DEFENSE
## (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE
## (Not a "Debt Collector")

Hunt & Henriques, a law firm, is not a "debt collector" as defined by the Rosenthal Act.

## THIRTEENTH AFFIRMATIVE DEFENSE
## (Litigation Privilege)

The actions of Defendant complained of in the Complaint constitute communications that were made in good faith and in anticipation of or in connection with ongoing litigation and Plaintiff's claims are therefore barred, in whole or in part, by the California litigation privilege and/or the *Noerr-Pennington Doctrine*.

//
//

## FOURTEENTH AFFIRMATIVE DEFENSE

**(First Amendment)**

Defendant's conduct is protected under the First Amendment of the United States Constitution and the California Constitution. Plaintiff's proposed interpretation of provisions of the FDCPA must be rejected as it would place an unreasonable restraint upon Defendant's First Amendment rights, thereby raising serious constitutional issues.

WHEREFORE, Defendant requests judgment as follows:

1. That Plaintiff takes nothing by the Complaint, which should be dismissed with prejudice.

2. That Defendant recover from Plaintiff its costs according to proof.

3. That Defendant recover its attorneys' fees according to proof.

4. That the Court orders such other further reasonable relief as the Court may deem just and proper.

DATED: October 13, 2010          SIMMONDS & NARITA LLP
                                 TOMIO B. NARITA
                                 JEFFREY A. TOPOR

                                 By:  s/Tomio B. Narita
                                      Tomio B. Narita
                                      Attorneys for defendant
                                      Hunt & Henriques